

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant State Superintendent of
Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-4785
Re: When a maintenance tax election
in a common school district
results in a tie vote, how much
time must elapse before a second
election for that purpose may be
held?

We are in receipt of your letter of August 20, 1942,
addressed to Honorable Gerald C. Mann, Attorney General of
Texas, wherein you have requested the opinion of this Depart-
ment on the questions set forth in the attached letter, ad-
dressed to Dr. L. A. Woods, State Superintendent of Schools,
from A. O. Bird, Superintendent of the Gonzales Independent
School District, written on August 1, 1942. From this attached
letter we quote in part:

"The Board of Trustees of the Maurin-Thornburg
Common School District held an election the 23rd day
of April, 1942, for the purpose of voting a maintenance
tax not to exceed fifty cents per hundred dollars valua-
tion. The election resulted in a tie vote. The trustees
want to hold another election at the earliest date pos-
sible. Will you please advise them of the time and under
what conditions they may hold the next election?"

The answer to the above question is found in Article
2765, Vernon's Annotated Civil Statutes, as amended by Acts
1935, 44th Legislature, 2nd C. S., p. 1875, Ch. 476, relating
to school district maintenance tax election, which provides
in part:

Honorable T. M. Trimble, page 2

"If said maintenance tax proposition is defeated at an election held for such purpose, no other election shall be held therefor within one year from the date of said election. The commissioners court for common school districts, and the board of trustees for independent districts, shall canvass the returns and declare the result of all elections hereunder; and said election shall be held and conducted as provided by law for general election, except as provided herein."

We are of the opinion that a tie vote of the property tax paying qualified voters of the school district, on a maintenance tax proposition is a defeat of the proposition. That a tie vote defeats the maintenance tax proposition is obvious from the requirement of a majority vote to authorize an additional ad valorem tax levy as provided for in Article VII, Section 3, Constitution of Texas, from which we quote in part:

". . . And the legislature may authorize an additional ad valorem tax to be levied and collected within all school districts heretofore formed or hereafter formed, for the further maintenance of public free schools, and for the erection and equipment of school buildings therein; provided that a _majority_ of the qualified property tax paying voters of the district voting at an election to be held for that purpose, shall vote such tax. . . ." (Underlining supplied)

The above requirement is also made in Article 2784, Section 4, Vernon's Annotated Civil Statutes:

"No tax shall be levied, collected, abrogated, diminished or increased, and no bonds shall be issued hereunder, until such action has been authorized by a _majority_ of the votes cast at an election held in the district for such purpose, at which none but property tax paying qualified voters of such district shall be entitled to vote." (Underlining supplied)

While Article 2953 relates to election procedure in the event of a tie vote, this article has application only to election of public officers, and not to school tax questions. We think this is clear from the tenor of its language, which we quote:

Honorable T. M. Trimble, page 3

"At any election, if there be an equal number of votes given to two or more persons for the same office, except executive officers as provided in the Constitution, and no one elected thereto, the officer to whom the returns are made shall declare such election void as to such office only, and shall immediately order another election to fill such office; and notice shall be given, and such other election shall be held in the same manner as the general election."

This view is confirmed by the following proviso in Article 2785, relating to school maintenance tax elections:

"And such election shall be held and conducted as provided by law for general elections, except as herein provided." (Underlining supplied)

Although we are not advised as to whether or not the election in question proposed an original maintenance tax or an increase or decrease of an existing school district maintenance tax, we wish to point out that under Article 2794, if a school maintenance tax has been authorized, no election may be held to increase or decrease that tax until two years after the election which authorized the tax. McCall v. Lewis, 263 S.W. 325.

You are therefore advised that as the maintenance tax proposition for the Maurin-Thornburg Common School District resulted in a tie vote on April 23, 1942, that proposition was then defeated and no other school district maintenance tax election can be held in this district within one year of April 23, 1942.

You are further advised in the event this school district has heretofore authorized and levied a school district maintenance tax, that under Article 2794 no election

to increase or decrease an existing school district maintenance tax can be held within two years of the election which authorized the existing tax.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Benjamin Woodall*

Benjamin Woodall
Assistant

By *Stewart W. DeVore*

Stewart W. DeVore

SWD:AMM

APPROVED AUG 29, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN